No. 51985.—Rogers Peet Co. v. United States, protests 63291–K, etc. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See John Barr v. United States, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 51986.—R. H. Macy & Co., Inc. v. United States, protests 72505–K, etc. (New York).

Opinion by Johnson, J. At the trial it was stipulated that the merchandise consists of earthenware articles the same in all material respects as those passed upon in Copeland & Thomson, Inc. v. United States (12 Cust. Ct. 85, C. D. 833) and Johnson Bros. v. United States (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

No. 51987.—Edward I. Petow & Son v. United States, protests 107904–K, etc. (Portland, Maine).

Opinion by Johnson, J. At the trial it was stipulated that the merchandise consists of fish scales similar in all material respects to those the subject of United States v. Edward I. Petow & Son (34 C. C. P. A. 55, C. A. D. 343). In accordance with stipulation and following the decision cited the claim for free entry under paragraph 1677 was sustained.